IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELIAS JOSEPH KARAM, | § | |
| | § | |
| *Plaintiff,* | § | C.A. No. 5:24-cv-720 |
| | § | |
| v. | § | |
| | § | |
| META PLATFORMS, INC., | § | |
| | § | |
| *Defendant.* | § | |

## META PLATFORMS, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Meta Platforms, Inc. ("Meta") hereby removes this action from the 224th Judicial District Court of Bexar County, Texas, where it was pending as *Elias Joseph Karam v. Meta Platforms*, Cause No. 2024CI04190, to the United States District Court for the Western District of Texas, San Antonio Division.

### I.   Nature of the Suit

*Pro se* plaintiff Elias Joseph Karam ("Plaintiff") alleges that he was "sporadically banned" from his Facebook account and makes reference to "shadow banning," without further explanation. *See* Ex. A, State Court Docket at 3. Among other things, Plaintiff alleges damages for "depression, erectile dysfunction, and other mental and emotional distress . . . ." *Id*. Plaintiff appears to assert claims of advertisement misrepresentation, defamation, deceptive trade practices, fraud, and violations of fair housing laws. *Id*. at 3-4.

## II.    Removal is Timely[1]

Notices of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). Despite the "or otherwise" language, *actual, proper service of the petition and the citation* must be made upon the defendant for the 30-day removal clock to begin ticking. *See e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999)); *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007) *Hall v. MSA Ins. Co.*, No. CV SA-14-CA-276-FB, 2014 WL 12496574, at *1 (W.D. Tex. Apr. 14, 2014); *Young v. Flagstar Bank, F.S.B.*, No. 2:14-CV-04097-NKL, 2014 WL 3809201, at *1 (W.D. Mo. Aug. 1, 2014); Tex. R. Civ. P. 106(a) (requiring mail service of *both* the petition and the citation to effectuate proper service).

Here, even generously assuming there was proper service upon Meta,[2] it had to be on or after **May 31, 2024**, when the petition and citation were first mailed to Meta. Ex. A, State Court Docket at 6 (certified mail attachment showing postage stamp dated May 31); *see* TEX. R. CIV. P. 106(a)(2) (recognizing service of process by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and the petition."). There is no proof of cognizable service prior to that time. This notice of removal is filed on June 27, 2024, which is within 30 days of May 31, 2024 and is therefore timely.

---

[1] By removing, Meta is not and does not intend to waive any of its rights, including but not limited to, its rights to challenge the Court's exercise of personal jurisdiction over it and whether Plaintiff has brought suit in the appropriate venue.
[2] Meta reserves its right to challenge validity of service.

2

### III. This Court has Diversity Jurisdiction

Federal diversity jurisdiction requires that the amount in controversy exceed $75,000, exclusive of interest and costs, and that there is complete diversity between the plaintiff and the defendant. *See* 28 U.S. Code § 1332(a). Both requirements are met here.

#### A. The Amount in Controversy Exceeds $75,000

The amount in controversy exceeds $75,000 because Plaintiff alleges damages in excess of $25 million. Ex. A, State Court Docket at 4; *see also* 28 U.S.C. § 1446(C)(2) (sum demanded in the initial pleading is the amount in controversy for jurisdictional purposes); 28 U.S.C. § 1332(a) (identifying amounts in controversy, exclusive of interest and costs, over $75,000 as the federal diversity jurisdictional threshold).

#### B. There is Complete Diversity

"[A] corporation shall be deemed a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business." *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1151 (5th Cir. 1985). Here, Plaintiff is a citizen of Texas, residing at 259 Rockhill Dr. in San Antonio, Texas. Ex. A, State Court Docket at 3. Meta is diverse because it is incorporated in Delaware (not Texas) and maintains its principal place of business in California (not Texas). Meta's Rule 7.1 Corporate Disclosure Statement; *Gentex Corp. v. Meta Platforms, Inc.*, No. 6:21-CV-00755-ADA, 2022 WL 2654986, at *1 (W.D. Tex. July 8, 2022) ("Defendant Meta Inc. is a Delaware corporation with its principal place of business in Menlo Park, California"); *VoIP-Pal.com, Inc. v. Meta Platforms, Inc.*, No. 6:21-CV-00665-ADA,

2022 WL 2110696, at *1 (W.D. Tex. May 31, 2022) ("Defendant Meta is a Delaware corporation with its principal place of business in Menlo Park, California . . . .").

## IV. This Notice Is Procedurally Proper

Meta attaches to this notice as exhibits true and correct copies of the documents required by 28 U.S.C. § 1446(a) and the United States District Court for the Western District of Texas' *Standing Order Concerning Removed Cases*.[3] This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1332 on the basis of diversity jurisdiction, as described above. It is removable to this Court because this United States District Court embraces the place where the state court action is pending, namely, Bexar County, Texas. *See* 28 U.S.C. § 1441(a). In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be provided to all parties and to the Clerk of the 224th Judicial District Court of Bexar County, Texas. The required filing fee for this removal has been paid.

## V. Jury Demand

Plaintiff did not demand a jury trial in the state court action.

## VI. Non-Waiver of Defenses

By removing this action to federal court, Meta does not waive any rights, jurisdictional or otherwise, and does not admit any of the allegations in Plaintiff's pleadings.

---

[3] Meta attaches the complete state court docket as Ex. A and submits an Advisory to the Court pursuant to the United States District Court for the Western District of Texas' *Standing Order Concerning Removed Cases*.

WHEREFORE, Meta respectfully removes the above-captioned action from the 224th District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division.

                      Respectfully submitted,

                      */s/ Ryan C. Wooten*
Ryan C. Wooten
State Bar No. 24075308
Michael Morehead
State Bar No. 24102242
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main Street, 40th Floor
Houston, Texas 77002
Telephone: 713.658.6400
Facsimile: 713.658.6401
rwooten@orrick.com
mmorehead@orrick.com

ATTORNEYS FOR DEFENDANT
META PLATFORMS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 27, 2024, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and also served on Plaintiff by email:

Elias Karam – louiekaram@gmail.com

                      */s/ Michael Morehead*
Michael Morehead