IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELIAS JOSEPH KARAM, | § § § | |
| *Plaintiff,* | § § | SA-24-CV-00720-OLG |
| vs. | § § § | |
| META PLATFORMS, INC., | § § § | |
| *Defendant.* | § § § § | |

**ORDER**

Before the Court is the above-styled cause of action, which was referred to the undersigned for all pretrial proceedings [#5]. The undersigned has authority to enter this non-dispositive order pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the Court is Defendant Meta Platforms, Inc.'s Rule 12 Motion to Dismiss Plaintiff's First Amended Complaint [#17]. By its motion, Defendant has moved to dismiss Plaintiff's First Amended Complaint for lack of personal jurisdiction, pursuant to the parties' arbitration clause, for improper venue, and for failure to state a claim; in the alternative, Defendant moves to transfer this case to Northern District of California [#17]. For the reasons explained herein, the Court will **GRANT IN PART** Defendant's motion and transfer the case to the Northern District of California for improper venue under 28 U.S.C. § 1406(a).

---

[1] Although the Fifth Circuit has not yet addressed the question, district courts in this Circuit have held that a transfer of venue is a non-dispositive decision. *See Personalized Media Commc'ns, LLC v. Zynga, Inc.*, No. 212-68, 2013 WL 12147661, at *1 (E.D. Tex. July 22, 2013); *LNV Corp. v. Branch Banking and Trust Co.*, No. 12-3803, 2013 WL 1694421, at *1 (N.D. Tex., April 18, 2013); *Smith v. Carl Zeiss SMT, Inc.*, No. 05-570, 2007 WL 686874, at *1 (S.D. Miss., March 05, 2007).

## I. Background

Plaintiff Elias Karam, who is proceeding *pro se*, filed this action against Meta Platforms, Inc. ("Meta"), alleging violations of the Americans with Disabilities Act, violations of the Texas Deceptive Trade Practices Act, antitrust violations, violations of his civil rights, violations of the Fair Housing Act, breach of contract, and various torts. He contends that Meta took actions that detrimentally affected his business, which appears to involve selling items on Facebook Marketplace. He alleges, for example, that Meta temporarily suspended his Facebook account multiple times and therefore "hinder[ed] his ability to manage his business page." (First Am. Compl. [#15], at 3.) Defendant has filed a Rule 12 Motion to Dismiss Plaintiff's First Amended Complaint [#17], seeking dismissal of the case based on lack of personal jurisdiction, pursuant to the parties' arbitration clause, for improper venue, and for failure to state a claim, and in the alternative, Defendant has moved to transfer this case to Northern District of California. Plaintiff filed a response [#18], and Defendant replied [#19]. The motion is therefore ripe for the Court's review.

## II. Analysis

This case has been filed in the wrong venue. For that reason, the Court will not reach Defendant's other arguments, but will transfer the case to the proper venue, where any remaining arguments for dismissal or disputes regarding whether arbitration[2] must be compelled will be resolved.

A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located or (2) a judicial district in

---

[2] It appears that the parties have entered into a binding arbitration agreement. But the Fifth Circuit has recently clarified that a court may not compel arbitration before determining that the court has personal jurisdiction. *Hines v. Stamos*, 111 F.4th 551, 555–56 (5th Cir. 2024).

which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(b). If there is no district in which an action may otherwise be brought as provided by the statute, venue is proper in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. *Id.* at § 1391(b)(3).

Meta is the only Defendant in this action. Meta does not reside in Texas; it is incorporated in Delaware and has its principal place of business in California. (Notice of Removal [#1], at 3.) The first option for venue therefore does not make Texas a proper venue.

Plaintiff's First Amended Complaint alleges that "a substantial part of the events or omissions giving rise to the claim occurred in this district, and the Plaintiff resides in this district." (First Am. Compl. [#15], at 1.) Because venue statutes are designed for the benefit of defendants, the focus is on the *defendant's* conduct—not the plaintiff's conduct. *See Gault v. Yamunaji, L.L.C.*, No. A-09-CA-078-SS, 2009 WL 10699952, at *5 (W.D. Tex. Apr. 17, 2009) (citing *Bigam v. Envirocare of Utah*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000); *Woodke v. Dahm*, 70 F.3d 983, 985–86 (8th Cir. 1995); *Goff v. Hackett Stone Co.*, 185 F.3d 874, 1999 WL 397409, at *1 (10th Cir. 1999)). Yet Plaintiff does not make any allegations that *Meta* engaged in conduct in Texas that gave rise to his claims (e.g., that a Texas-based Meta employee was involved in suspending his account). Rather, all of the events or omissions alleged by Plaintiff occurred in Texas due to *Plaintiff's conduct*, such as him creating "Facebook advertising specifically targeted at users . . . located in Texas" or using "Facebook Marketplace for transactions conducted in Texas." (First. Am. Compl. [#15], at 1; Pl. Resp. [#18], at 2.)

Moreover, Plaintiff argues in his response to Defendant's motion that the "harm alleged, including lost business opportunities, damage to reputation, and financial losses, occurred in

3

Texas." (Pl. Resp. [#18], at 2.) But "the fact that a plaintiff residing in a given judicial district feels the effect of a defendant's conduct in that district does not mean the events or omissions occurred in that district." *Gault*, 2009 WL 10699952, at *5 (citing *Bigam*, 123 F. Supp. 2d at 1048). Thus, the fact that Plaintiff felt harm in Texas because of Meta's alleged actions does not affect the venue analysis. Venue is therefore not proper under 28 U.S.C. § 1391(b)(2), either.

Plaintiff could have filed his lawsuit in the Northern District of California, the district in which the only Defendant resides and where it appears the events or omissions underlying this case occurred. The Court therefore need not determine whether this Court has personal jurisdiction over Meta, as § 1391(b)(3) does not apply.

Thus, the Court finds that venue is improper in the Western District of Texas. Meta claims in its motion: "When suit is filed in the wrong venue, a district court 'shall dismiss' it. 28 U.S.C. § 1406(a)." This is not always the case. Rather, § 1406(a) states that when venue is improper, the Court "shall dismiss, *or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought*." 28 U.S.C. § 1406(a) (emphasis added). Section 1406(a) "is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Thus, when it is in the interests of justice, Section 1406(a) allows that "the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . time consuming and justice-defeating technicalities." *Id.* at 467 (internal quotations omitted).

It is in the interests of justice to transfer this case rather than to dismiss it. As other courts in this Circuit have noted, favoring transfer over dismissal is especially applicable in cases where the plaintiff is proceeding *pro se*. *See, e.g.*, *Woods v. Teamsters Loc. 767*, No. 3:18-CV-130-C-

4

BN, 2018 WL 1394023, at *3 (N.D. Tex. Feb. 22, 2018), *report and recommendation adopted,* No. 3:18-CV-130-C-BN, 2018 WL 1394175 (N.D. Tex. Mar. 19, 2018); *Dabney v. A&R Logistics, Inc.*, No. CIV.A. 14-788-BAJ, 2015 WL 4210988, at *4 (M.D. La. July 10, 2015). In light of Plaintiff's *pro se* status, the Court finds it would be an unnecessary burden to require him to refile in another district. From the face of Plaintiff's Complaint, which asserts that Meta is headquartered in Menlo Park, California—and thus in the Northern District of California—it appears that the Northern District of California would be a proper venue for this case. Accordingly, the Court will transfer this case to the Northern District of California.

**IT IS THEREFORE ORDERED** that the alternative relief requested in Defendant Meta Platforms, Inc.'s Rule 12 Motion to Dismiss Plaintiff's First Amended Complaint [#17] is **GRANTED IN PART** and that this case be **TRANSFERRED** to the Northern District of California.

SIGNED this 10th day of February, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE